**HONORABLE JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSS WHEELER and OSCAR SKJERVEN, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

WYZE LABS, INC.,

Defendant.

**Case No. 2:26-cv-01319-JNW**

**DEFENDANT WYZE LABS, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

**NOTE ON MOTION CALENDAR: AUGUST 26, 2026**

**ORAL ARGUMENT REQUESTED**



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## TABLE OF CONTENTS

INTRODUCTION .......... 11
BACKGROUND .......... 11
A. Wyze's Website .......... 11
B. Plaintiffs' Allegations About Their Use of Wyze's Website .......... 12
LEGAL STANDARD .......... 13
ARGUMENT .......... 14
I. Washington Law Governs This Dispute, Foreclosing Skjerven's California Claims .......... 14
A. Plaintiff Skjerven Agreed to Resolve Any Disputes Under Washington Law .......... 14
B. Washington Law Presumptively Applies .......... 15
II. Plaintiffs Fail to Allege a Concrete Injury Sufficient to Confer Article III Standing Because No Sensitive Data is at Issue .......... 18
A. Plaintiffs Fail to Plausibly Allege a Cognizable Claim for Loss of Privacy .......... 18
B. Plaintiffs Fail to Otherwise Allege Concrete Harm Under Article III .......... 20
III. Plaintiffs Fail to State a Claim Under the Electronic Communications Privacy Act .......... 21
A. Plaintiffs Fail to Allege Any Unlawful Interception .......... 21
B. Plaintiffs Fail to Invoke the Crime-Tort Exception .......... 21
C. Plaintiffs Fail to Adequately Allege They Sent Wyze the "Contents" of Any Electronic Communications .......... 23
IV. Plaintiffs Fail to Plead Fraud, Deceit, or Misrepresentation with the Particularity Required by Rule 9(b) .......... 25
V. Plaintiffs Fail to State a Claim for Intrusion Upon Seclusion .......... 27
A. Plaintiffs Fail to Allege an Intrusion .......... 27
B. Wyze's Conduct Was Not "Highly Offensive." .......... 28
VI. Skjerven's Claims Fail Even Under California Law .......... 29
A. Skjerven's CIPA Section 631 Claim Should Be Dismissed .......... 29



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

B. Skjerven's Claim for Violation of CIPA section 638.51 Fails ............................ 31
C. Plaintiff Skjerven's CLRA Claim Fails Because He Does Not Allege Reliance . 32
D. Plaintiff Skjerven Fails to State a Claim Under the UCL .................................... 32
CONCLUSION .............................................................................................................. 34



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACD Distribution, LLC v. Wizards of the Coast, LLC*, 2020 WL 3266196 (W.D. Wash. June 17, 2020), *aff'd*, 2021 WL 4027805 (9th Cir. Sept. 3, 2021)....15

*In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255 (W.D. Wash. 2023), *aff'd*, No. 24-5176, 2025 WL 2268252 (9th Cir. Aug. 8, 2025)....17

*In re Apple Data Priv. Litig.*, 2026 WL 146025 (N.D. Cal. Jan. 20, 2026)....32

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....13, 31

*Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009)....33

*Bly–Magee v. California*, 236 F.3d 1014 (9th Cir. 2001)....26

*Bunce v. Ocwen Loan Serv'g, LLC*, 2013 WL 3773950 (E.D. Cal. July 17, 2013)....34

*Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023)....20

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)....25

*Cetacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004)....13

*Cheung v. Slickdeals, LLC*, 2026 WL 1872831 (C.D. Cal. June 29, 2026)....19

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. 2024)....30, 31

*Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58 (W.D. Pa. 2023), *aff'd as modified*, 148 F.4th 153 (3d Cir. 2025)....24



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Corona v. Sony Pictures Ent., Inc.*,
2015 WL 3916744 (C.D. Cal. June 15, 2015) ....................20

*Crowell v. Audible Inc.*,
806 F. Supp. 1216 (W.D. Wash. 2025)....................17

*D'Antonio v. Smith & Wesson Inc.*,
820 F. Supp. 3d 928 (N.D. Cal. 2026) ....................26

*de Ayora v. Inspire Brands, Inc.*,
2025 WL 3707561 (N.D. Cal. Dec. 22, 2025)....................25, 30

*Doe v. Eating Recovery Ctr. LLC*,
2024 WL 2852210 (N.D. Cal. June 4, 2024)....................33

*Doe v. Genesis Health Sys.*,
2025 WL 1000192 (C.D. Ill. March 18, 2025)....................22

*Doe v. Lawrence General*,
2025 WL 2808055 (D. Mass. Aug. 29, 2025) ....................22

*Edwards v. MUBI, Inc.*,
773 F. Supp. 3d 868 (N.D. Cal. 2025) ....................33

*Erwin v. Cotter Health Ctrs.*,
161 Wash. 2d 676 (2007)....................16, 17

*In re Facebook Internet Tracking Litigation*,
140 F. Supp. 3d 922 (N.D. Cal. 2015), *rev'd in part on other grounds*, 956 F.3d 589 (9th Cir. 2020) ....................24

*In re Facebook Priv. Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) ....................33

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) ....................20

*Fisher v. State ex rel. Dep't of Health*,
125 Wn. App. 869, 106 P.3d 836 (2005)....................27

*Garner v. Amazon.com, Inc.*,
603 F. Supp. 3d 985 (W.D. Wash. 2022)....................15, 16

*In re Google, Inc. Priv. Policy Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ....................32

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................29



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Hammerling v. Google LLC*, 615 Supp. 3d 1069, 1092 (N.D. Cal. 2022) (quoting *Google Cookie*, 806 F.3d at 137-38 .......... 24, 27

*Haskins v. Symantec Corp.*, 654 F. App'x 338 (9th Cir. 2016) .......... 27

*Heinz v. Amazon.com, Inc.*, 2024 WL 2091108 (W.D. Wash. May 8, 2024) .......... 15

*Kearns v. Ford Motor Co.*, 567 F. 3d 1120 (9th Cir. 2009) .......... 25, 26

*King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856 (N.D. Cal. 2019) .......... 16

*Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002) .......... 30

*Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011) .......... 33

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) .......... 13

*Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096 (C.D. Cal. 2023) .......... 29, 30

*Maghoney v. Dotdash Meredith, Inc.*, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026) .......... 20

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129 (E.D. Cal. 2021) .......... 29

*McKee v. Audible, Inc.*, 2017 WL 4685039 (C.D. Cal. July 17, 2017) .......... 16

*Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 18

*Nichols v. PeaceHealth Networks on Demand LLC*, 2026 WL 607763 (W.D. Wash. Mar. 4, 2026) .......... 23

*Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072 (W.D. Wash. 2024) .......... 21, 23, 28

*Ovation Toys Co. v. Only Hearts Club*, 675 F. App'x 721 (9th Cir. 2017) .......... 26



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Poore-Rando v. United States*,
2017 WL 5756871 (W.D. Wash. Nov. 28, 2017) ....................27

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................18, 19

*Posadas v. Goodyear Tire & Rubber Co.*,
2024 WL 5114133 (S.D. Cal. Dec. 13, 2024)....................19

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021)....................33

*Quigley v. Yelp, Inc.*,
2018 WL 7204066 (N.D. Cal. Jan. 22, 2018)....................30

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)....................28

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022)....................30

*Roe v. Amgen Inc.*,
2024 WL 2873482 (C.D. Cal. June 5, 2024) ....................22

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ....................19, 28

*Santoro v. Tower Health*,
2024 WL 1773371 (E.D. Pa. Apr. 24, 2024) ....................24

*Schnall v. AT&T Wireless Servs., Inc.*,
171 Wn.2d 260 (2011) ....................15

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ....................13

*Shah v. MyFitness Pal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026) ....................29

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ....................31

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ....................33

*Spokeo v. Robbins*,
578 U.S. 330 (2016)....................18



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Stiley v. Block*,
130 Wn.2d 486 (1996) ....................26

*Sussman v. Am. Broad. Companies, Inc.*,
186 F.3d 1200 (9th Cir. 1999) ....................22

*Svenson v. Google Inc.*,
2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) ....................20

*Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*,
721 F. Supp. 2d 1007 (W.D. Wash. 2010) ....................15

*TransUnion v Ramirez*,
594 U.S. 413 (2021) ....................13, 18, 19

*Trazo v. Nestlé USA, Inc.*,
2013 WL 4083218 (N.D.Cal. Aug. 9, 2013) ....................34

*United States v. Bowen*,
127 F.3d 9 (1st Cir. 1997) ....................22

*United States v. McHugh*,
57 F. Supp. 3d 95 (D. Mass. 2014) ....................22

*In re USA Today Co., Inc. Internet Tracking Litig.*,
2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ....................19

*Vess v. Ciba-Geigy Corp. USA*,
317 F. 3d 1097 (9th Cir. 2003) ....................25

*Williams v. TMC Health*,
2024 WL 4364150 (D. Ariz. Sept. 30, 2024) ....................22

*Wiseley v. Amazon.com, Inc.*,
709 F. App'x 862 (9th Cir. 2017) ....................17

*Wishnick v. Frye*,
111 Cal. App. 2d 926 (1952) ....................26

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
525 F. Supp. 3d 1017 (N.D. Cal. 2021) ....................27

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....................23, 24, 29

*In re Zynga*,
750 F.3d at 1106–07 ....................24



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**Statutes**

18 U.S.C. § 2510(8) ....23

18 U.S.C. § 2511(1)(a) ....21

18 U.S.C. § 2511(2)(d) ....21

Cal. Bus. & Prof. Code § 17200 ....33

Cal. Penal Code § 631(a) ....29, 30, 31

Cal. Penal Code § 638.50(b) ....31

California Consumer Legal Remedies Act Cal. Civ. Code §§ 1770, et seq. ....12, 17, 32, 33

California Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, et seq. ....12

CIPA .... *passim*

CIPA § 638.51 ....12, 31, 32

Electronic Communications Privacy Act .... *passim*

Federal Wiretap Act ....29

HIPAA ....23

Privacy Act § 631 ....12, 29, 30, 31

UCL .... *passim*

Washington Consumer Protection Act ....17

Washington Privacy Act ....16

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ....13

Restatement § 188 ....16

Restatement (Second) Conflict of Laws Section § 187 (1971) ....16

Rule 9(b) .... *passim*

Rule 12(b)(6) ....13



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

U.S. Const. art. III ........................................................................................... 13, 18, 19, 20



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## INTRODUCTION

Plaintiffs Ross Wheeler and Oscar Skjerven ("Plaintiffs") seek to transform routine website visits into an alleged invasion of privacy, relying on the same boilerplate theories that have fueled hundreds of similar putative class actions challenging the use of ubiquitous website analytics technologies. Like the lawsuits that preceded it, the Complaint relies on sweeping generalizations about widely used advertising technologies while alleging virtually no facts concerning Plaintiffs and their actual interactions with the website.

The Complaint alleges only that Plaintiff Wheeler accessed www.wyze.com and rejected cookies. As for Plaintiff Skjerven, it alleges only that he visited www.wyze.com, viewed sales information and documents related to cameras he had previously purchased, and rejected cookies. Those mundane online browsing activities constitute the entirety of Plaintiffs' alleged interactions with Wyze's website. Plaintiffs cannot rescue their claims by simply relabeling routine website browsing as "sensitive information." Even accepting their allegations as true, the Complaint identifies nothing more than the collection of ordinary browsing information associated with visits to a commercial website. The purported rejection of cookies does not change the dispositive fact that Plaintiffs fail to allege the collection or disclosure of any sensitive, confidential, or personal information.

Plaintiffs' efforts to recast commonplace website interactions as an invasion of privacy fails as a matter of law. Plaintiffs lack standing, do not plead with the particularity required by Rule 9(b), and fail to state a claim for which relief may be granted. The Complaint should be dismissed in its entirety.

## BACKGROUND

### A. Wyze's Website.

Wyze operates a publicly available website **www.wyze.com** ("Website"). The Website is a consumer-facing website that allows visitors to browse Wyze's products and purchase a variety of Wyze's home technology products including security cameras, sensors, lighting, and related



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

software and subscription-based services. *See* **www.wyze.com** (last visited: July 6, 2026); Compl. ¶¶ 2, 14.

**B. Plaintiffs' Allegations About Their Use of Wyze's Website.**

Despite spanning 72-pages, the Complaint says next to nothing about Plaintiffs' actual interactions with the Website other than they visited the Website in or around November 2025. Plaintiff Wheeler's allegations are virtually non-existent—alleging only that while physically located in Oregon, he "visited the Website," "did not make any purchases or enter into any service agreement," and declined the Website's cookie banner. Compl. ¶ 12. Wheeler otherwise provides no facts regarding the timing of his visit, the content he viewed, the disclosures he saw, or the statements on which he allegedly relied. Plaintiff Skjerven's allegations fare no better. Skjerven alleges that, while physically located in California, he "accessed Defendant's services through the Website, specifically viewing their sales and documentation on cameras he already owns," and declined the Website's cookie banner. *Id* ¶ 13. Skjerven likewise alleges no specifics regarding the timing of his visit, the content he viewed, the disclosures he saw, or the statements on which he allegedly relied. These skeletal allegations provide little more than the assertion that Plaintiffs visited the Website at some unspecified point in November 2025 and declined a cookie banner allegedly resulting in a violation of their privacy.

Nonetheless, based on those conclusory allegations, Plaintiffs assert on behalf of a nationwide class claims for: (1) violation of the Electronic Communications Privacy Act ("ECPA"); (2) intrusion upon seclusion; (3) common law fraud, deceit, and/or misrepresentation. Plaintiff Skjerven separately asserts on behalf of himself and a California subclass claims for: (4) violation of the California Invasion of Privacy Act ("CIPA") § 631; (5) violation of CIPA § 638.51; (6) violation of the California Consumer Legal Remedies Act Cal. Civ. Code §§ 1770, et seq. ("CLRA"); and (7) violation of the California Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL").[1] Despite the breadth of these claims, the Complaint provides virtually no

[1] Contrary to Plaintiffs' Complaint they do not assert an unjust enrichment claim. Compl. ¶ 8.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

factual detail concerning Plaintiffs' actual experiences with the Website nor the bases for these claims and should be dismissed.

**LEGAL STANDARD**

This Court must dismiss actions that lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as "the party seeking to invoke the [] jurisdiction" of an Article III federal court, bears "the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion v Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff must establish "standing for each claim that they press and for each form of relief that they seek." *Id.* For a Rule 12(b)(1) facial attack on subject-matter jurisdiction, a court applies the same standard as it would a motion to dismiss under Rule 12(b)(6). *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The Court need not accept an allegation as true if it amounts to a "legal conclusion[]" or a "formulaic recitation of the elements of a cause of action." *Id*. Nor does a complaint "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and brackets omitted).

/ / /

/ / /

/ / /

/ / /



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## ARGUMENT

### I. Washington Law Governs This Dispute, Foreclosing Skjerven's California Claims.

#### A. Plaintiff Skjerven Agreed to Resolve Any Disputes Under Washington Law.

Plaintiff Skjerven alleges that he has "maintained Defendant Wyze's mobile application and has utilized Defendant's camera-related services for several years." Compl. ¶ 13. To use the Wyze mobile application consumers must create a Wyze Account. Request for Judicial Notice ("RFJN") Exs. C & D. During the account creation process, users must affirmatively assent to Wyze's Terms of Service ("TOS") by checking the box "I agree to the **Terms of Service** & **Privacy Statements**." RFJN Ex. F. The "TOS" and "Privacy Statements" appear in bold green font and link, respectively to the TOS and Privacy Policy on Wyze's Website. Users are likewise required to assent to the TOS when logging into their accounts. Specifically, the "Log In" buttons appear above a notice stating, "By signing in, you agree to Wyze's **Terms of Service**. See **Privacy Notice** for additional information."[2] RFJN Ex. E. The "Terms of Service" and "Privacy Notice" appear in bold green font and link, respectively to the TOS and Privacy Policy on Wyze's Website.

Wyze's TOS contain a prominently displayed "**GOVERNING LAW AND VENUE**" provision stating "[a]ny dispute arising from these Terms and your use of the Products or Services will be governed by and construed and enforced in accordance with the laws of the State of Washington." RFJN Exs. A & B. The provision further states that, "[i]f any dispute between the parties is not subject to arbitration or cannot be heard in small claims court, then the state and federal courts located in King County, Washington, will have exclusive jurisdiction. You waive any objection to venue in any such courts." *Id.* The TOS includes a class action waiver and arbitration provision requiring "any dispute arising out of or related to the terms or [Wyze's] products or services" be "resolved solely through individual action" and "arbitration precludes [Wyze and the website user] from suing in court or having a jury trial. *Id.*[3] Skjerven's claims

---

[2] Mobile App users use auth.wyze.com to sign in.

[3] Skjerven does not allege when he created his account or which arbitration provision he viewed, and Wheeler does not allege whether he viewed the TOS or was aware of the arbitration provision. If the Court denies this Motion, Wyze intends to seek discovery regarding Wheeler's awareness



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

relating to Wyze's use of cookies, as outlined in its Privacy Policy, are encompassed in the choice of law provision and Washington law should therefore apply. Despite agreeing to Wyze's TOS, Skjerven brought claims under California law ignoring the TOS' Washington choice of law provision.

**B. Washington Law Presumptively Applies.**

Washington law applies here because Skjerven and Wyze agreed to the Washington choice of law provision.[4] "A federal court sitting in diversity applies the forum state's choice-of-law rules." *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 721 F. Supp. 2d 1007, 1012 (W.D. Wash. 2010). Courts applying Washington law—as required by the TOS—"generally enforce contract choice of law provisions" "whenever possible." *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 266 (2011) (citation & internal quotation marks omitted).

Here, the choice of law provision in the TOS provides "[a]ny dispute arising from these Terms and [Skjerven's] use of the Products or Services will be governed by and construed and enforced in accordance with the laws of the State of Washington…" RFJN Ex. A. This broad provision clearly encompasses Skjerven's claims concerning his use of the Website. *See Heinz v. Amazon.com, Inc.*, 2024 WL 2091108, at *4 (W.D. Wash. May 8, 2024) (describing Amazon's "choice-of-law provision" as "extremely broad" and holding it "encompasses claims that arise in

of the arbitration provision and Skjerven's account creation, while reserving all rights to compel Plaintiffs to arbitrate their claims. This issue is significant because, if Plaintiffs' claims survive, putative class members may be differently situated with respect to whether they are required to arbitrate their claims against Wyze.

[4] "As long as a court has sufficient information to thoroughly analyze the choice-of-law issue and discovery will not likely affect the analysis, it is appropriate for the Court to undertake a choice-of-law analysis at the motion-to-dismiss stage." *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 994 (W.D. Wash. 2022) (quotation and ellipses omitted). Here, Skjerven alleged he "has maintained Defendant Wyze's mobile application and has utilized Defendant's camera-related services for several years." Compl. ¶ 13; RFJN, Exs. A-F. Plaintiff cannot credibly dispute that he accepted Wyze's TOS. Nor will any discovery impact the Court's application of Washington's choice of law rules which turn on allegations in the complaint; Washington's and California's laws; or limited, judicially noticeable facts. *ACD Distribution, LLC v. Wizards of the Coast, LLC*, 2020 WL 3266196, at *6 n.4 (W.D. Wash. June 17, 2020), *aff'd*, 2021 WL 4027805 (9th Cir. Sept. 3, 2021).



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

tort, including" CIPA claims); *id.* (applying Washington law where plaintiff "fail[ed] to carry his burden of showing an actual conflict between the [Washington Privacy Act] and CIPA"); *Garner*, 603 F. Supp. 3d at 995–96 (applying Washington law and dismissing CIPA claims).

The choice of law provision in a contract is presumed valid, unless one of the two exceptions in Section § 187 of the Restatement (Second) Conflict of Laws (1971) ("Restatement") applies. *See Erwin v. Cotter Health Ctrs.*, 161 Wash. 2d 676, 694 (2007). Skjerven bears the burden of establishing one of these two narrow exceptions. *Id.* at 694–95. These exceptions apply only where:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be [i] contrary to a fundamental policy of a state which [ii] has a materially greater interest than the chosen state in the determination of the particular issue and which, [iii] under the rule of [Restatement] § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187(2). Skjerven cannot establish either exception.

Skjerven cannot satisfy his burden under Restatement § 187(2) to avoid the parties' contractual choice of Washington law. To the contrary, Washington bears a substantial relationship to the parties in this case because Wyze is headquartered and maintains its principal place of business in Washington, which alone is sufficient to establish the requisite relationship under § 187(2)(a). *See McKee v. Audible, Inc.*, 2017 WL 4685039, at *4–5 (C.D. Cal. July 17, 2017) (enforcing Amazon COU; Washington had substantial relationship with dispute between Audible and its users). Because Wyze sells its products nationwide, its selection of a single body of law to govern disputes is reasonable. *King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 865 (N.D. Cal. 2019). Notably, Plaintiffs allege venue is proper because "a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District." Compl. ¶ 11. Further underscoring Washington's connection to this dispute.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Fatally Skjerven cannot invoke the narrow exception in Restatement § 187(2)(b). The exception only applies if all three questions can "be answered in the affirmative." *Erwin*, 161 Wash. 2d at 696. Skjerven cannot clear even the first hurdle because application of Washington law would not be contrary to a "fundamental policy" of California. *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017) (recognizing that "Washington's and California's consumer protection laws ... appear to be substantially similar"). Courts have repeatedly observed that "the California statutes [the UCL, FAL, and CLRA] invoked by Plaintiff appear to target the same kinds of unfair or deceptive behavior covered by the Washington Consumer Protection Act." *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1265–66 (W.D. Wash. 2023) (dismissing California claims where Washington law applied), *aff'd*, No. 24-5176, 2025 WL 2268252 (9th Cir. Aug. 8, 2025) (collecting cases).

Presented with similar facts to those here—i.e. a choice of law provision which dictates that Washington law should apply and claims related to alleged tracking technology on defendant's websites, including a CIPA violation—the Court in *Crowell v. Audible Inc.* held that because Washington law is not contrary to the "fundamental California policy in protecting its citizen's right to privacy in communicating with a business's automated system," the Washington choice-of-law provision was enforceable and should be applied to the parties' disputes. 806 F. Supp. 1216, 1227 (W.D. Wash. 2025). The Court ultimately dismissed plaintiff's claims "[b]ecause [the parties] agreed to Washington law, their complaint containing exclusively California claims fails to state a claim upon which relief may be granted." *Id.* The same analysis applies here.

Because none of the exceptions in Restatement § 187(2) apply, the contractual choice of law provision must be enforced. Because the TOS require that any disputes between the parties be governed by Washington law and since the choice of law provision is enforceable, Skjerven's claims under California law (Counts II, III, VI, VII) should be dismissed as they fail to state a claim upon which relief can be provided.

/ / /



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**II. Plaintiffs Fail to Allege a Concrete Injury Sufficient to Confer Article III Standing Because No Sensitive Data is at Issue.**

Plaintiffs do not—and cannot—allege any cognizable injury and thus lack Article III standing. Whether a harm qualifies as "concrete" hinges on whether the alleged injury to the plaintiff bears a "close relationship" to a harm "traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 594 U.S. at 425; *see also Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (9th Cir. 2025) ("[T]here existed no free-roaming privacy right at common law but rather four discrete torts that protected specific kinds of privacy-related harms."). A "bare procedural violation[] divorced from any concrete harm ... does not suffice for Article III standing." *TransUnion*, 594 U.S. at 440. An injury in fact does not necessarily exist merely because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo v. Robbins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."). "Only those plaintiffs who have been concretely *harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 at 427.

Plaintiffs' Complaint fails to adequately allege they suffered *any injury*, let alone one sufficient to confer Article III standing. Plaintiffs never claim they provided any information to Wyze. Instead, Plaintiffs claim they were injured *solely* by accessing Wyze's Website, because Wyze allegedly disclosed to third parties ***the fact*** that Plaintiffs accessed the Website. Plaintiffs contend this alleged disclosure harmed them in the form of "loss of privacy, loss of control over their personal information, and diminution in the value of their personal data." Compl. ¶ 272. None of these rise to the level of concrete harm required by Article III.

**A. Plaintiffs Fail to Plausibly Allege a Cognizable Claim for Loss of Privacy.**

"To survive a motion to dismiss, a plaintiff must identify the 'specific personal information []he disclosed that implicates a protectable privacy interest.'" *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (citation omitted) (granting defendant's motion to dismiss for lack



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

of subject matter jurisdiction in similar case where plaintiff failed to specify the "personal information" allegedly disclosed); *see Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023) ("interception of the type of information contained in Plaintiffs' browsing data does not bear a close relationship to a harm traditionally recognized as a basis for lawsuits."); For purposes of a privacy claim, 'a concrete injury arises only where the alleged harm involves personal information,' i.e., information the disclosure of which 'would be highly offensive to a reasonable [person].'" *In re USA Today Co., Inc. Internet Tracking Litig.*, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) (citations omitted) (holding plaintiffs failed to allege a cognizable injury where plaintiffs alleged defendant permitted third-party cookies to collect IP addresses and other device information). "Data and information that has been found insufficiently personal includes mouse movements, clicks, keystrokes, keywords, URLs of web pages visited, product preferences, interactions on a website, search words typed into a search bar, user/device identifiers, anonymized data, product selections added to a shopping cart, and website browsing activities." *Saeedy*, 2023 WL 8828852, at *4.

Here, Plaintiffs fail to allege their sensitive information was disclosed—the only data they identify that could possibly have been disclosed is that they had an interest in Wyze or that they like home security cameras. This is the exact type of information that has been found insufficiently personal. *Id.* Further, Plaintiffs identify no disclosure of sensitive health or financial data, or any "embarrassing, invasive, or otherwise private information" that could give rise to a legally protected privacy interest. *See Popa*, 153 F.4th at 791 (under *TransUnion*, finding no concrete injury where Plaintiff "identifies no embarrassing, invasive, or otherwise private information collected" by website). Regardless of their interactions with the cookie banner, the alleged capture and disclosure of such data is not "highly offensive" and thus fatal to their claims. *See e.g., Cheung v. Slickdeals, LLC*, 2026 WL 1872831 (C.D. Cal. June 29, 2026) (dismissing UCL and CIPA claims for lack of Article III standing where plaintiff Harris failed to identify any personal information actually obtained by defendant) *Posadas v. Goodyear Tire & Rubber Co.*, 2024 WL



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

5114133, at *4 (S.D. Cal. Dec. 13, 2024) ("Rather than identify personal information he shared during his visit to the Website, Plaintiff makes generalized and conclusory allegations" that "are insufficient to assert that Plaintiff suffered a concrete injury."); *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686 at *3 (C.D. Cal. Apr. 5, 2023) ("Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest."). In sum, the browser information allegedly collected is not sensitive, Plaintiffs have no legally protected privacy interest in it and therefore any alleged disclosure is insufficient to confer Article III standing.

**B. Plaintiffs Fail to Otherwise Allege Concrete Harm Under Article III.**

Plaintiffs cannot rely on the purported devaluation of their personal information to establish a concrete injury. To establish injury in fact on the basis of diminution in value of personal information, Plaintiffs must "establish both the existence of a market for [their] personal information and an impairment of [their] ability to participate in that market." *Svenson v. Google Inc.*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016). Here, Plaintiffs state in a conclusory fashion that "Plaintiffs and Class Members suffered damages including… diminution in the value of their personal data." Compl. ¶ 273. They fail, however, to allege that their information, "when not disclosed, has independent economic value to [them]," that they intended to sell it, or that "someone else would have bought it as a stand-alone product." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019); *Corona v. Sony Pictures Ent., Inc.*, 2015 WL 3916744, at *3 (C.D. Cal. June 15, 2015) (alleged "diminution in the value and/or use of" PII was not a cognizable injury, absent authority "that an individual's personal identifying information has any compensable value in the economy at large").

Plaintiffs' allegation that they suffered an informational injury in the form of deprivation of the right to control dissemination of their activities on a public website does not constitute a concrete injury because there is no statutory protection for basic website browsing data. *Maghone v. Dotdash Meredith, Inc.*, 2026 WL 497402, at *6 (S.D. Cal. Feb. 23, 2026).. At bottom,



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Plaintiffs do not allege disclosure of any sensitive or highly offensive personal information and consequently fail to allege a concrete injury. Plaintiffs' Complaint should be dismissed without leave to amend.

## III. Plaintiffs Fail to State a Claim Under the Electronic Communications Privacy Act.

Plaintiffs allege Wyze unlawfully "intercepted" their communications with the Website in violation of the ECPA. Compl. ¶¶ 214–232. To state an ECPA claim, Plaintiffs had to allege facts demonstrating Wyze "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1094–95 (W.D. Wash. 2024) ("*Nienaber I*") (citations omitted).

### A. Plaintiffs Fail to Allege Any Unlawful Interception.

Under the ECPA, it is not unlawful for a person to intercept electronic communications "where such person is a party to the communication," as Wyze is here. 18 U.S.C. § 2511(2)(d). The only exception is when the "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." *Id.* Accordingly, because Wyze was a party to the communication, Plaintiffs' ECPA claim is foreclosed, unless Plaintiffs plausibly allege that the matter falls within an exception to the one-party consent rule. They do not.

### B. Plaintiffs Fail to Invoke the Crime-Tort Exception.

The crime-tort exception to the one-party consent rule applies when a "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States." 18 U.S.C. § 2511(2)(d). In analyzing whether the crime-tort exception applies, the Court's inquiry can start and stop with the statute's language. Under the ECPA, the interception must be done *intentionally,* 18 U.S.C. § 2511(1)(a), but for the crime-tort exception to apply, there is a separate and additional mens rea requirement—that the interception be done "*for the purpose of committing* any criminal or tortious act." *Id.* § 2511(2)(d). (emphasis


SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

added). As clarified by the Ninth Circuit, "the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (citation omitted); *United States v. McHugh*, 57 F. Supp. 3d 95, 100 (D. Mass. 2014) (crime-tort exception "is to be construed narrowly").[5] Put differently, "the goal or aim of the interception itself must have been to use the intercepted information to commit a crime or tort." *see Doe v. Lawrence General*, 2025 WL 2808055, at *12 (D. Mass. Aug. 29, 2025) *report and recommendation adopted in relevant part by, 2025* WL 2807673 (D. Mass. Sept. 30, 2025). "It is not enough that a crime or tort was a mere side-effect of the interception." *Id.*

Plaintiffs do not plausibly allege that Wyze deployed the advertising technology for the *purpose* of invading their privacy, much less that such a purpose was its primary motivation. To the contrary, Plaintiffs own pleading affirmatively alleges that Wyze's purpose in deploying the technology was "advertising, analytics, and marketing optimization" and to monetize data. Compl. ¶ 227. Those alleged purposes are neither criminal nor tortious. Courts routinely reject attempts to invoke the crime-tort exception based on similar allegations. *See Lawrence General*, 2025 WL 2808055, at *7 ("The allegations of the Complaint fail to plausibly support an inference that LGH's purpose in deploying the web tracking tools was anything other than the usual reason why website operators use such tools: to help run their websites."); *Williams v. TMC Health*, 2024 WL 4364150, at *4 (D. Ariz. Sept. 30, 2024) (plaintiffs failed to state a criminal, tortious purpose where complaint alleged defendants obtained personal data to increase profits and improve website analytics); *Doe v. Genesis Health Sys.*, 2025 WL 1000192, at *9 (C.D. Ill. March 18, 2025) (dismissing ECPA claim where trackers were used for defendant's own marketing and advertising purposes) *Roe v. Amgen Inc.*, 2024 WL 2873482, at *15–16 (C.D. Cal. June 5, 2024)

[5] Because the ECPA imposes criminal penalties, ambiguities must be resolved in Wyze's favor under the rule of lenity. *See United States v. Bowen*, 127 F.3d 9, 13–14 (1st Cir. 1997) ("[T]he rule of lenity means that 'the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'").



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

("The crime-tort exception is inapplicable where a defendant's primary motivation is to make money rather than to injure plaintiffs tortiously or criminally.").

Courts in this district have not hesitated to dismiss similar attempts to repackage the alleged interception as the purported tort. In *Nienaber I*, this Court dismissed an ECPA claim predicated on allegations that defendant intercepted plaintiff's communications for the purpose of violating various tort and criminal laws including HIPAA, because the complaint failed to allege facts supporting an inference that the interception was undertaken to facilitate an independent criminal or tortious act. *See Nienaber I*, 733 F. Supp. 3d at 1094–95; *Nichols v. PeaceHealth Networks on Demand LLC*, 2026 WL 607763, at *3 (W.D. Wash. Mar. 4, 2026) (dismissing ECPA claim where the complaint did not plausibly allege an independent criminal or tortious purpose). In *Nienaber II*, plaintiffs failed to allege a separate act because the complaint alleged that the technologies contemporaneously transmitted the communications to third parties and "the alleged tortious or criminal use of the acquired communications is the disclosure itself." 2025 WL 692097, at * 13.

Plaintiffs' allegations suffer the same fate. Plaintiffs expressly allege that their communications "were intercepted contemporaneously at the moment they were sent," and the purported tort is the resulting disclosure. Compl. ¶ 227. The alleged tortious conduct is therefore indistinguishable from the alleged interception itself.

### C. Plaintiffs Fail to Adequately Allege They Sent Wyze the "Contents" of Any Electronic Communications.

Plaintiffs' ECPA claim further fails because Plaintiffs have not pled facts showing the "contents" of any communications were disclosed to any third party. The statute applies only to the "contents" of a communication, defined as "information concerning the substance, purport, or meaning of that communication[.]" 18 U.S.C. § 2510(8). "[T]he term 'contents' refers to the intended message conveyed by [a] communication, and does not include record information regarding the characteristics of the message." *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). The Ninth Circuit has held, for example, that the term does not cover a "webpage



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

address" that merely "identifies the location of a webpage a user is viewing on the internet." *Id.* at 1107. "Under *some* circumstances, a user's request to a search engine for *specific* information could constitute . . . the contents of a communication." *Id.* at 1108–09 (emphases added). But this depends on the nature of the information—"on 'how much [] would be revealed' by the information's tracking and disclosure." *Hammerling v. Google LLC*, 615 Supp. 3d 1069, 1092 (N.D. Cal. 2022) (quoting *Google Cookie*, 806 F.3d at 137-38). Plaintiffs have not adequately alleged that they sent Wyze the contents of any electronic communication.

*In re Facebook Internet Tracking Litigation* is illustrative. There, the court, held that URLs sent to Facebook did not qualify as "contents" of a "communication" under the ECPA because it was nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication." 140 F. Supp. 3d 922, 930–31 (N.D. Cal. 2015), *rev'd in part on other grounds*, 956 F.3d 589 (9th Cir. 2020) (quoting *In re Zynga*, 750 F.3d at 1106–07); *see also, e.g., Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 70-71 (W.D. Pa. 2023) (holding that a plaintiff's "mouse movements and clicks, keystrokes, and URLs of web pages visited" did not qualify as "content" in part because the plaintiff did not specifically describe "what [her] searches were"), *aff'd as modified*, 148 F.4th 153 (3d Cir. 2025).

The same analysis applies here. Skjerven claims that he visited the Website to view "sales and documentation on cameras he already owns." Compl. ¶ 13. Strikingly, Wheeler alleges no facts related to what he purportedly did on the website. Compl. ¶ 12. Nonetheless, neither Plaintiff identifies any *specific* data exchanged with Wyze. Plaintiffs' Complaint is devoid of any facts that would allow the Court to determine whether the purported communications were "contents." *Zynga*, 750 F.3d at 1107; *see Santoro v. Tower Health*, 2024 WL 1773371, at *4 (E.D. Pa. Apr. 24, 2024) (holding the complaint failed to state an ECPA claim because it did identify "the specific pages [he] clicked on, his medical condition[s], or his history of medical care with Tower"; these "specifics are essential to convert a case like this from a law-school hypothetical to an actionable dispute"). At bottom, Plaintiffs fail to invoke the crime-tort exception, and their ECPA claim



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

should be dismissed.

**IV. Plaintiffs Fail to Plead Fraud, Deceit, or Misrepresentation with the Particularity Required by Rule 9(b).**

Under Rule 9(b), "when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). When a complaint includes a claim "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the…claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1107 (9th Cir. 2003).

Rule 9(b)'s heightened pleading standard applies to each of Plaintiffs' claims because each sounds in fraud. The crux of the Complaint is that Wyze allegedly misrepresented its cookie practices by informing Website visitors they could opt out of non-essential cookies while purportedly still permitting third parties to place cookies that allegedly tracked users' online activities. *See* Compl. ¶¶ 2–6, 44–48. Plaintiffs' theory of deception is woven throughout the Complaint and serves as the factual predicate for each cause of action. According to Plaintiffs, Wyze's purported misrepresentation created a reasonable expectation of privacy (*see id.* ¶¶ 223, 258), and allegedly rendered Wyze's conduct "highly offensive." *See id.* ¶ 259; *see, e.g., de Ayora v. Inspire Brands, Inc.*, 2025 WL 3707561, at *3 (N.D. Cal. Dec. 22, 2025) (applying Rule 9(b) to similar claims and concluding plaintiffs failed to satisfy heightened pleading standards)

"To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F. 3d 1047, 1055 (9th Cir. 2011) (citation omitted). Plaintiffs fail to plead specific allegations regarding the "what" and "when" of their interactions with the Website. Plaintiffs' Complaint contains generalized allegations regarding categories of information the tracking technologies *might* collect, but it does not identify any information that was actually collected from Plaintiffs as a result of their interactions with the Website. Compl. ¶¶ 12-13, 35. Equally absent are allegations identifying



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

how the Website used any cookies allegedly deployed on Plaintiffs' devices on those specific dates. Such vague and undifferentiated allegations are not "specific enough to give [Wyze] notice of the particular misconduct." *Ovation Toys Co. v. Only Hearts Club,* 675 F. App'x 721, 723 (9th Cir. 2017) (affirming dismissal of fraud claim under Rule 9(b) for failing to plead dates, times, and places where fraud occurred); *Bly–Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001).

Under Washington law, to prevail on a common law claim of fraud, the plaintiff must establish each of the following elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the trust of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block,* 130 Wn.2d 486, 504 (1996).

Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading standard because they fail to allege *when* the purportedly fraudulent representations were made--alleging only that they visited the Website "in or around November 2025," without identifying a specific date. Compl. ¶¶ 12–13. Notably, Figures 7 and 8—which purportedly depict the cookie banner and cookie preferences interface—are undated. As pled, the Complaint does not provide sufficient notice of which alleged representations Plaintiffs read, which cookie preferences interface was in effect at the time, or how the Website cookies operated during their visits. *See D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928, 938 (N.D. Cal. 2026) (finding plaintiff's allegations that she visited the website in or around 2024 insufficient to provide defendant adequate notice); *Kearns,* 567 F.3d at 1126 (Rule 9(b) was not satisfied when plaintiff failed to plead "when he was exposed to" the television advertisements at issue or to "specify ... when [an allegedly fraudulent] statement was made").

Plaintiffs also fail to allege sufficient facts to establish that Wyze made a *knowingly* false statement. *See Wishnick v. Frye,* 111 Cal. App. 2d 926, 930 (1952) (explaining the scienter element requires actual knowledge, lack of "an honest belief," or carelessness and recklessness). The Complaint offers only speculation as to what Wyze *could have* known or *could have* done



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

regarding the alleged malfunction of the preferences window. Compl. ¶ 268. Plaintiffs merely allege that Wyze had the technical ability to prevent post-opt-out data transmission, but they do not allege that Wyze actually used those tools, discovered any defect, or otherwise knew that the preferences mechanism was allegedly not functioning as intended. Conclusory assertions about what Wyze might have known cannot substitute for well-pleaded facts establishing knowledge of falsity.

Plaintiffs fail to adequately plead their fraud claims because they do not "allege that []he read and relied on a specific misrepresentation." *Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016). Actual reliance is required for common law fraud which requires that Plaintiffs plausibly allege that they *read* the alleged misrepresentations. Plaintiffs fail to allege they read or saw anything, let alone "when" they viewed any alleged misrepresentation. *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1045–46 (N.D. Cal. 2021). Accordingly, Plaintiffs' common law fraud claim fails.

## V. Plaintiffs Fail to State a Claim for Intrusion Upon Seclusion.

Plaintiffs do not allege facts sufficient to state a common law intrusion upon seclusion claim. "To prevail on an intrusion on seclusion claim, a plaintiff must prove that the defendant (1) deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be highly offensive to a reasonable person." *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869, 106 P.3d 836 (2005); *Hammerling*, 615 F. Supp. 3d at 1088 (dismissing privacy claims for failure to allege a highly offensive intrusion where defendant purportedly tracked plaintiffs' usage and engagement with non-Google apps without their knowledge or consent). "[A]n actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Poore-Rando v. United States*, 2017 WL 5756871, at *2 (W.D. Wash. Nov. 28, 2017).

### A. Plaintiffs Fail to Allege an Intrusion.

Plaintiffs do not allege any intrusion because their theory is the exact opposite: Plaintiffs



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

allege they *voluntarily* disclosed information to Wyze, which Wyze then allegedly disclosed to third parties. Compl. ¶¶ 12-13, 201, 257. But this theory has already been rejected by this Court in *Nienaber*. In *Nienaber*, the Court held that no intrusion occurred where plaintiff voluntarily shared her information with defendant and the alleged privacy violation arose from defendant's subsequent disclosure of that information to third parties. *Nienaber I*, 733 F. Supp. 3d at 1088–89. As the Court explained, "[b]ecause Plaintiff voluntarily shared her information with Defendant, there was no *intrusion* upon Plaintiff's solitude, seclusion, or private affairs by Defendant." *Id.* at 1089. That reasoning is equally dispositive to Plaintiffs' claim here because Plaintiffs voluntarily shared their information with Wyze.

**B. Wyze's Conduct Was Not "Highly Offensive."**

Plaintiffs' claim independently fails because they do not allege facts sufficient to establish that Wyze's conduct was "highly offensive." The gravamen of Plaintiffs' privacy claim is that Wyze allegedly disclosed information regarding their browsing activity on the Website to Bazaarvoice and Microsoft through the advertising technology after they opted out of non-essential cookies on the Website. Compl. ¶¶ 12-13, 49, 51, 201, 257. Because the alleged deception is the linchpin of Plaintiffs' claim, Rule 9(b)'s heightened pleading standard applies. As discussed above, Plaintiffs fail to satisfy that standard. But even if Plaintiffs could satisfy 9(b)—they cannot—Plaintiffs do not identify *any* personal, sensitive, or otherwise private information they shared with the Website. Instead, Wheeler alleges no facts regarding what he viewed or did on the Website, and Skjerven alleges only that he viewed sales information and documents related to cameras he already owns. *Id.* ¶¶ 12-13. Such allegations do not implicate sensitive or personal information that could establish a highly offensive intrusion. *Saeedy*, 2023 WL 8828852, at *5–6 (alleged collection of "users' internet browsing activities, internet searches, and online shopping behavior" does not "implicate[] a protectable privacy interest"); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (no reasonable expectation of confidentiality in communications "inquiring about items of clothing on a retail website"). Given the nature of the



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

data that could plausibly have been disclosed, any alleged disclosure was not "highly offensive." Plaintiffs fail to allege any intrusion, much less one that would be highly offensive to a reasonable person.

## VI. Skjerven's Claims Fail Even Under California Law.

### A. Skjerven's CIPA Section 631 Claim Should Be Dismissed.

CIPA § 631(a) prohibits (1) intentionally tapping or making an unauthorized connection with specified telephone/telegraph lines; (2) willfully reading or learning the contents of a communication while it is in transit; (3) using information so obtained; and (4) aiding those acts. Cal. Penal Code § 631(a). A violation under Clause Four can only occur if there is a violation of Clauses One, Two, or Three. *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021) Plaintiff's claim fails.

***Clause One:*** Clause One is inapplicable because it applies only to telephones and telegraph lines—not website technology. "Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet"—as Plaintiff alleges here. *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1104 (C.D. Cal. 2023) (collecting cases).

***Clauses Two and Three:*** Plaintiff fails to allege that anyone attempted to read or learn the "contents" of a communication while "in transit." "'[C]ontents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d at 1106; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) ("The 'contents' of a communication under CIPA and the federal Wiretap Act are the same."). Here, Plaintiff alleges that third parties intercepted URLs containing the names of the webpages he visited. But Plaintiff fails to allege that he personally engaged in any qualifying communication. *See Shah v. MyFitness Pal, Inc.*, 824 F. Supp. 3d 906, 919 (N.D. Cal. 2026) (dismissing 631(a) claim where "Plaintiffs repeatedly allege that [Defendant] enabled third parties to track the information and communications" of website users "[b]ut with respect to *their own* interactions



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

with [Defendant's] websites, plaintiffs allege only that they visited the website and chose to opt out of certain cookies.") (emphasis in original).

Plaintiff's threadbare allegations fail to establish interception in transit, and his wiretapping claim must be dismissed. *Quigley v. Yelp, Inc.*, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018) (dismissing claim for failure to "allege[] facts giving rise to an inference that his communications were intercepted while 'in transit'"); *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024) ("[V]ague allegations fail to explain how the software works or how the interception occurs."); *see also Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (explaining that for a communication "to be 'intercepted,'" it "must be acquired during transmission, not while it is in electronic storage"). "This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival." *Konop*, 302 F.3d at 878 (citation omitted). Merely adding the words "while in transit" does not transform a factual deficiency into a plausible allegation. *See Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough" without specific facts making in-transit interception plausible).

Plaintiff in a conclusory fashion alleges that Wyze "willfully read or attempted to read or learn the contents" of Plaintiff's communications. Compl. ¶ 240. But this argument is nonsensical. Wyze cannot be liable under Clause Two because it was a party to the communications at issue. *Licea.*, 659 F. Supp. 3d at 1081 ("California law is well[-]settled that a party to the communication is not liable for recording their own conversation under section 631(a)…"). Plaintiff's barebones allegations fail to state a claim of interception in transit under CIPA Section 631, and the purported wiretapping claim must be dismissed. *See de Ayora*, 2025 WL 3707561, at *7 (dismissing a similar CIPA § 631 claim, explaining "Plaintiffs' mere assertion that Defendants or third parties acquire the communications contemporaneously, without factual support, is insufficient to survive Defendants' motion to dismiss"). Plaintiff's Section 631(a) theory fails outright.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

***Clause Four:*** To allege that Wyze aided and abetted a wiretap, Plaintiff must allege facts showing Wyze had (1) "knowledge of the conduct that will violate the statute" and (2) "a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024). Plaintiff alleges, without any substantive facts, that Wyze "aided and abetted" the providers of the analytics technologies in purportedly wiretapping Plaintiff simply by installing their software on its website. Compl. ¶ 194. Boilerplate accusations of "aiding and abetting," unsupported by facts showing knowledge or intent, are legally insufficient. *See Iqbal*, 556 U.S. at 678. Further, Plaintiff's Clause Four aiding and abetting theory fails because he alleges no violation of Clause Two or Three. *See Cody*, 718 F. Supp. 3d at 1003 (plaintiffs who fail to plead a violation under the first two clauses cannot establish a violation of the fourth).

**B. Skjerven's Claim for Violation of CIPA section 638.51 Fails.**

Plaintiff's own allegations doom his Section 638.51 claim. CIPA defines a pen register as a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, *but not the contents of a communication*." Cal. Penal Code. § 638.50(b) (emphasis added). Yet, Plaintiff's Complaint is replete with allegations that third parties intercepted the content of his communications. *See* Compl. ¶ 189 ("intercepted the contents of Plaintiffs' communications); *see also id.* ¶¶ 193–94, 227, 229, 295. Indeed, Plaintiff's very proposed class definition is expressly limited to those who "communications" were intercepted, disclosed, or shared. *Id.* ¶ 205.

Plaintiff cannot have it both ways. He cannot allege interception of contents to support his Section 631 claim while repackaging the very same conduct as the collection of non-content signaling information to support Section 638.51. *See* Cal. Penal Code. § 638.50(b). Because Plaintiff fails to plead these theories in the alternative, his Complaint contains a fundamental inconsistency that warrants dismissal as a matter of law.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*In re Apple* confirms as much. There, the court explained that "Section 638.51 covers devices or processes that record 'dialing, routing, addressing, or signaling information' and explicitly excludes those that record 'the contents of a communication.'" *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *4 (N.D. Cal. Jan. 20, 2026). The court dismissed the Section 638.51 claim because plaintiff "assert[ed] that [defendant's] apps recorded their 'communications,'" plaintiff's complaint contained "inconsistent allegations and causes of action." *Id.* Plaintiff's claim here suffers the same fate. Plaintiff's Section 638.51 claim was *not* pled in the alternative to his 631 claim, and, just as the plaintiff in *In re Apple* did, Plaintiff incorporated by reference all preceding allegations. Compl. ¶ 243 ("Plaintiff Skjerven incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein."). Plaintiff's express and repeated allegations that Wyze recorded the contents of his communications foreclose his Section 638.51 claim as a matter of law.

**C. Plaintiff Skjerven's CLRA Claim Fails Because He Does Not Allege Reliance.**

Skjerven's CLRA claim fails because he never alleges he read Wyze's cookie consent preference statement.. Compl. ¶ 41 n. 16. Skjerven must meet the heightened pleading standard of Rule 9(b) for his CLRA claim. Yet, Skjerven does not plead facts showing that he ever saw, much less relied upon, the cookie consent preference statement. If he did not read the statement he could not have relied on any representation it contained in deciding to use the Website. *In re Google, Inc. Priv. Policy Litig.*, 58 F. Supp. 3d 968, 982 (N.D. Cal. 2014) Without affirmatively alleging reliance, his CLRA claim cannot survive. [6]

**D. Plaintiff Skjerven Fails to State a Claim Under the UCL.**

Skjerven fails to allege adequate harm under the UCL. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Skjerven's UCL claim rests on the same alleged deception regarding Wyze's cookie practices and fails to satisfy Rule 9(b). To state a claim under

[6] Skjerven failed to send the pre-suit demand letter mandated under the CLRA.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

the UCL, Skjerven must allege that an adequate remedy at law is unavailable. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (dismissing UCL claim for equitable restitution where "operative complaint [did] not allege that [the plaintiff] lack[ed] an adequate legal remedy"). Skjerven seeks equitable relief under the UCL in the form of injunctive relief. Compl. ¶ 299. The Complaint does not allege that Skjerven lacks an adequate legal remedy for his claims. Accordingly, Plaintiff cannot state a UCL claim. *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 885 (N.D. Cal. 2025).

Skjerven's UCL claim also fails because he alleges no economic injury. To have standing to pursue a UCL claim, Plaintiff must establish he "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009); Cal. Bus. & Prof. Code § 17200; *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011) (UCL and CLRA claims require economic injury and causation).

Wyze's Website is public and free to use; Skjerven paid no money to use it. Further, Plaintiff merely alleges that the value in his personal information has diminished. Compl. ¶ 272. But this vague allegation does not meet the plausibility standard for supporting a claim for monetary loss. Because "the 'mere misappropriation of personal information' does not establish compensable damages," Plaintiff lacks statutory standing. *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021); *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) (affirming dismissal of UCL claim based on "dissemination of [plaintiffs'] personal information"); *Doe v. Eating Recovery Ctr. LLC*, 2024 WL 2852210, at *1 (N.D. Cal. June 4, 2024) (dismissing UCL claim premised on allegations that defendant used the Meta Pixel to disclose website visitor's medical information without their consent).

Skjerven's UCL claim independently fails because he does not allege the requisite unfair or unlaw conduct.[7] To sustain a claim under the unlawful prong, Plaintiffs must allege facts that,

[7] Skjerven does not purport to bring a claim under the fraudulent prong.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

if proven, would demonstrate that Defendant's conduct violated another, underlying law. *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218, at *9 (N.D.Cal. Aug. 9, 2013). Skjerven's claim under the "unlawful" prong fails because it is predicated on the same theories underlying his other claims, making the failure of those underlying theories fatal. *Bunce v. Ocwen Loan Serv'g, LLC*, 2013 WL 3773950, at *7 n.2 (E.D. Cal. July 17, 2013) (dismissing; "plaintiff has failed to adequately allege an underlying violation of another law to satisfy the 'unlawful' prong").

**CONCLUSION**

Wyze Labs, Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint.

"I certify that this memorandum contains 8,388 words, in compliance with the Local Civil Rules."

By: */s/ Steven Rich*
Steven W. Rich, WSBA #48444

DATED: July 13, 2026

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Steven Rich*
Steven W. Rich, WSBA #48444
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066
Telephone: 206.344.7600
Facsimile: 206.344.3113
E-mail: srich@shb.com

Tammy B. Webb, *pro hac vice forthcoming*
Aubrey Kramer, *pro hac vice*
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: 415.544.1900
Facsimile: 415.391.0281
Email: tbwebb@shb.com
Email: akramer@shb.com

Rachel Straus, pro hac vice forthcoming
Laurel A.M. Scott, pro hac vice forthcoming
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 424.285.8330
Facsimile: 424.204.9093
Email: rstraus@shb.com
Email: lascott@shb.com

***Attorneys for Defendant Wyze Labs, Inc.***

**JUDGE WHITEHEAD'S CAHMBER PROCEDURES 5.6 CERTIFICATION**

The undersigned certifies that pursuant to Judge Whitehead's Chamber Procedures 5.6, counsel for Defendant conferred with counsel for Plaintiffs via video conference on July 13, 2026, concerning this motion, and have not been able to narrow the issues in dispute.

*/s/ Steven Rich*
Steven Rich



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**CERTIFICATE OF SERVICE**

I certify, under penalty of perjury under the laws of the State of Washington, that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Steven Rich*
Steven Rich



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600