**HONORABLE JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSS WHEELER and OSCAR SKJERVEN, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

WYZE LABS, INC.,

Defendant.

Case No. 2:26-cv-01319-JNW

**DEFENDANT WYZE LABS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**NOTE ON MOTION CALENDAR: AUGUST 26, 2026**

**ORAL ARGUMENT REQUESTED**



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Wyze Labs, Inc. ("Wyze") respectfully requests that this Court take judicial notice of the following documents and information, copies of which are attached:

- Exhibit A: Wyze, *Terms of Service*, https://www.wyze.com/policies/terms-of-service (last visited July 12, 2026)
- Exhibit B: Wyze, June 14, 2024, to December 16, 2024, *Terms of Service*, https://web.archive.org/web/20240824051642/https://www.wyze.com/policies/terms-of-service (last visited July 12, 2026)
- Exhibit C: Wyze, August 28, 2024, *"Wyze App Setup Guide,"* https://web.archive.org/web/20240828172948/https://support.wyze.com/hc/en-us/articles/360032748451-Wyze-App-Setup-Guide (last visited July 12, 2026)
- Exhibit D: Wyze, November 11, 2025, to February 25, 2026, *"Wyze App Setup Guide,"* https://web.archive.org/web/20260111050615/https://support.wyze.com/hc/en-us/articles/360032748451-Wyze-App-Setup-Guide (last visited July 12, 2026)
- Exhibit E: Wyze, *"Log in" page*, https://auth.wyze.com/login (last visited July 12, 2026)
- Exhibit F: Wyze, *"Create an account" page*, https://auth.wyze.com/registration/email (last visited July 12, 2026)
- Exhibit G: The Washington Secretary of State's Business Information page for Wyze Labs, Inc.'s reflecting Wyze is incorporated under the laws of Delaware and has its principal office in Kirkland, Washington, https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation, (last visited March 30, 2026)



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## I. The Court Should Grant Judicial Notice

On a motion to dismiss, a court may consider materials outside the complaint "if they fall within the exceptions to the 'general rule that a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1041 (W.D. Wash. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The first exception applies where a complaint incorporated external material into the pleading by reference. *Id.* at 1041–42. The second exception is under Rule 201, whereby a Court may take judicial notice of "matters of public record." *Id.* at 1042 (citation and internal quotation marks omitted). Such matters of public record are those that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents for which Wyze seeks judicial notice fall within these exceptions and therefore are the proper subject of judicial notice.

### *A. The Terms of Use, Account Pages, and App Setup Guides Are Judicially Noticeable.*

Federal Rule of Evidence 201(b) allows the Court to "judicially notice a fact that is not subject to reasonable dispute [if] it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In addition, under the "incorporation by reference" doctrine, the Court may consider "the existence and contents" of documents relied upon or referenced by Plaintiffs in their complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n. 10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (citation and quotation marks omitted). Here, it is proper for the Court to take judicial notice of the above-mentioned agreements because the authenticity of the documents are capable of accurate and ready determination. Further, although not specifically cited by Plaintiffs, the



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Complaint plainly relies upon the content of these agreements.

Additionally, the Court may take judicial notice of these agreements because they are found on a "publicly accessible website." *See, e.g.*, *Wilson*, 349 F. Supp. 3d at 1042 (W.D. Wash. 2018) ("The Court can take judicial notice of the Terms because they derive from a 'publicly accessible website.'") (citation omitted); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204–05 (N.D. Cal. 2014) (granting judicial notice of website and screen shots of LinkedIn user prompt in considering motion to dismiss); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (taking judicial notice of Amazon web pages); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking "judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201."). In fact, courts in this circuit regularly take judicial notice of privacy policies and terms of service that are available on public websites because they are accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Huber v. Biden*, 2022 WL 827248, at *1 n.1 (N.D. Cal. 2022) (taking judicial notice of Twitter's Terms of Service), aff'd, 2022 WL 17818543 (9th Cir. 2022); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) ("Public terms of service and privacy policies are proper subjects of judicial notice."); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1241–42 (N.D. Cal. 2017) (taking judicial notice of Facebook's Statement of Rights and Responsibilities).

Plaintiff Skjerven utilized Wyze's mobile application but does not allege the exact date he created his account. Therefore, Wyze retrieved historical versions of the Terms of Use and Wyze App Setup Page from the Wayback Machine, which courts routinely recognize as a source "whose accuracy cannot be reasonably questioned." *See FTC v. LendingClub Corp.*, 2018 WL 11436309, at *4 (N.D. Cal. Oct. 3, 2018) ("Courts in this circuit have noted that the Wayback Machine is … a source" "whose accuracy cannot reasonably be questioned" and collecting cases); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022) ("District courts in this circuit



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

have routinely taken judicial notice of content from the Internet Archive's Wayback Machine"). The Court should take judicial notice of Exhibits A-F of Wyze's Request for Judicial Notice.

### ***B. Washington Secretary of State's Business Information is Judicially Noticeable.***

Under Rule 201, courts "may take judicial notice of 'official information posted on a governmental website, the accuracy of which is undisputed.'" *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (quoting *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011). Courts routinely take judicial notice of government records establishing a corporation's state of incorporation or principal place of business. *See, e.g.*, *SEC v. Lidingo Holdings, LLC*, 2018 WL 3608407, at *2 (W.D. Wash. July 26, 2018) (taking judicial notice of "information contained in the public records maintained by the Secretary of State of the State of Washington, [which] can be retrieved on [its] public website"); *Phan v. Costco Wholesale Corp.*, 2019 WL 6050903, at *1 n.2 (N.D. Cal. Nov. 15, 2019) (taking judicial notice of business entity records retrieved from Washington Secretary of State website "which show[ed] that Costco's 'principal office' is located in Washington"). The Court should here too.

Wyze's business entity record establishes that Wyze's principal place of business is in Kirkland, Washington. Wyze's location is relevant to the choice of law analysis. The information is publicly available on the Washington Secretary of State website.

## II. Conclusion

Accordingly, Defendant Wyze respectfully requests that the Court take judicial notice of the exhibits identified above.

DATED: July 13, 2026

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Steven Rich*
Steven W. Rich, WSBA #48444
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066

Telephone: 206.344.7600
Facsimile: 206.344.3113
E-mail: srich@shb.com

***Attorneys for Defendant Wyze Labs, Inc.***

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the State of Washington, that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Steven Rich*
Steven Rich