The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSS WHEELER and OSCAR SKJERVEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WYZE LABS, INC.,

Defendant.

NO. 2:26-cv-01319-JNW

**JOINT STATUS REPORT**

Plaintiffs Ross Wheeler and Oscar Skjerven ("Plaintiffs") and Defendant Wyze Labs, Inc. ("Defendant") (collectively, the "Parties"), by and through counsel, respectfully submit this Joint Rule 26(f) Report and Discovery Plan. Pursuant to Fed R. Civ. P. 26(f), the Parties held a telephone/video conference on July 2, 2026.

## I. JOINT RULE 26(f) REPORT

## I. STATEMENT OF THE CASE

*Plaintiffs' Statement*:

Plaintiffs allege that Defendant operates a consumer facing website, at https://www.wyze.com (the "Website"), through which users can learn about Wyze's smart home



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

and connected device products, including security cameras, sensors, lighting, and related accessories; create and manage accounts; purchase devices, subscriptions, and service plans; access product support and software updates; and review promotional offers and marketing materials.

Plaintiffs allege that the Website displays a cookie banner (the "Cookie Banner") and a cookie preferences interface (the "Cookie Preferences Interface"), which purport to give users control over what user data the Website collects and sells to and/or shares with third-party advertising, social media, and analytics companies (the "Tracking Entities") via both first-party and third-party tracking cookies and other proprietary third-party tracking technologies, such as tracking pixels (the "Tracking Tools"). Plaintiffs allege that the Tracking Entities include TikTok, Google, Meta, Twitter, Snapchat, Bazaarvoice, and Microsoft.

Plaintiffs allege that the Website's Cookie Banner and Cookie Settings deceptively led users, such as Plaintiffs, to believe that their data would only be shared when interacting with the Website. However, the Website begins placing Tracking Tools and transmitting users' data the moment users visit the Website, before they can interact with the Cookie Banner and Cookie Preferences Interface. Plaintiffs further allege that even after users affirmatively reject the sale or sharing of their data and reject the Website's use of all Tracking Tools, and consent only to strictly essential functional cookies, the Website continues to utilize and deploy Tracking Tools and transmit users' data to the Tracking Entities. Plaintiffs allege that the user data collected and transmitted via the Tracking Tools includes detailed interaction and behavioral data, including users' selections of links, buttons, forms, and other on-page elements, as well as information entered into search fields. This data may include webpages and products viewed or purchased; inferred interests, preferences, age, location, or other characteristics based on user behavior and content engagement; and personal, device, and technical identifiers such as device type, operating system, and browser type. The data also includes persistent identifiers that enable recognition of users across sessions and websites, users' email addresses, and approximate geolocation



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

information derived from IP addresses or similar signals. Collectively, this information is referred to as "Sensitive Information." This Sensitive Information is collected the moment a user arrives on the Website.

Plaintiffs allege that they accessed the Website on multiple occasions and detrimentally relied upon the Website's misrepresentations. Plaintiffs allege that they affirmatively rejected the sale/sharing of their Sensitive Information, but that the Website nonetheless facilitated the Tracking Tools' interception and transmission of their Sensitive Information.

Plaintiffs allege that the above-described conduct violates the federal Wiretap Act, 18 U.S.C. § 2510, et seq.; California's Invasion of Privacy Act ("CIPA"), including Cal. Penal Code § 631 (illegal wiretapping) and § 638.51 (unlawful use of a pen register or trap and trace device); California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Codes § 1750, et seq.; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), and common law, including intrusion upon seclusion, fraud and deceit, and unjust enrichment.

*Defendant's Statement:*

Plaintiffs allege that Defendant's use of common place advertising tools on its website www.wyze.com violated the federal Wiretap Act, 18 U.S.C. § 2510, et seq.; California's Invasion of Privacy Act ("CIPA"), including Cal. Penal Code § 631 (illegal wiretapping) and § 638.51 (unlawful use of a pen register or trap and trace device); California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Codes § 1750, et seq.; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), and common law, including intrusion upon seclusion, fraud and deceit, and unjust enrichment. Defendant denies Plaintiffs' allegations and denies that it violated any statute or engaged in any unlawful conduct by its use of commonplace website advertising tools as alleged by Plaintiffs in the Complaint. Defendant contends its practices comply with applicable law, and disputes Plaintiffs' standing, damages, and ability to represent a class.



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

## II. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

The Parties believe a reasonable deadline for joining additional Parties is August 24, 2026.

## III. DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION

The Parties propose the following briefing schedule for the class certification motion:

- Motion: October 15, 2027
- Response: December 6, 2027
- Reply: January 10, 2028

## IV. CONSENT TO THE MAGISTRATE

The Parties **do not** consent to the transfer of this case to a Magistrate Judge.

## V. PROPOSED DISCOVERY PLAN

### A. Exchange of initial disclosures:

The Parties exchanged initial disclosures on July 16, 2026, pursuant to the Court's Order dated June 11, 2026 (ECF No. 13).

### B. Subjects, timing, and phasing of discovery:

The Parties propose that discovery proceed without any phasing between the merits and class certification issues, except with respect to expert discovery. Defendant proposes that all discovery be stayed in this action until the Court rules on Defendant's Motion to Dismiss.

*Plaintiffs' Statement*:

Plaintiffs intend to take discovery on the following topics: the Website's code, the Website's implementation and use of the Tracking Tools, including the timing of implementation of the Tracking Tools, the decision to implement the Tracking Tools, the transmittal, storage, and usage of Plaintiffs' and the class members' Sensitive Information, Defendant's monetization of Plaintiffs' and the class members' Sensitive Information, and information regarding the putative class.



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

*Defendant's Statement:*

Defendant intends to seek discovery about at least the following topics: 1) Plaintiffs' use of and activity on Defendant's website; 2) Plaintiffs' own browser and/or mobile device settings; 3) Plaintiffs' online browsing activity; 4) Plaintiffs' express or implied consent; and/or 5) Plaintiffs' damages.

**C. Electronically stored information:**

At this time, the Parties do not anticipate any issues regarding the preservation or production of electronically stored information. The Parties agree to preserve all electronically stored information. The Parties will negotiate an agreement to govern the treatment, collection, and production of electronically stored information in the discovery process that may differ slightly from the Model ESI Protocol. If the Parties are unable to reach an agreement by August 30, 2026, the Parties will submit competing orders for the Court's approval.

**D. Privilege issues:**

The Parties do not see any unique privilege issues in this case. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Civ. Evid. 502 regarding the inadvertent disclosure of privileged information.

**E. Limitations on Discovery:**

The Parties do not currently propose any modifications to the discovery limitations contained in the Federal and Local Rules, but reserve all rights to request modifications as necessary.

**F. Discovery-related orders:**

The Parties do not anticipate any additional Orders regarding discovery at this time, but reserve all rights to request modifications as necessary. The Parties anticipate using the model protective order, if needed.



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

## VI. LOCAL CIVIL RULE 26(1)

### A. Prompt case resolution:

The Parties provide the following proposed schedule to permit prompt resolution of this matter:

| DEADLINE | DATE |
|---|---|
| **DEADLINE** to Join Additional Parties | August 24, 2026 |
| **DEADLINE** to file Stipulated or Contested Motions for ESI Protocols | August 30, 2026 |
| **DEADLINE** for Substantial Completion of Document Productions | April 16, 2027 |
| **DEADLINE** for Fact Discovery | May 24, 2027 |
| **DEADLINE** for Plaintiff's Expert Reports, re Class Certification | June 28, 2027 |
| **DEADLINE** for Defendant's Expert Reports, re Class Certification | July 28, 2027 |
| **DEADLINE** for Plaintiff's Rebuttal Expert Reports, re Class Certification | August 27, 2027 |
| **DEADLINE** for Completion of Expert Discovery, re Class Certification | September 24, 2027 |
| **DEADLINE** to File Motion for Class Certification | October 15, 2027 |
| **DEADLINE** to File Opposition to Motion for Class Certification and *Daubert* motions re expert opinions offered in support of class certification | December 6, 2027 |



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363-7500 • FAX (212) 363-7171

| | |
|---|---|
| **DEADLINE** to file Reply to Motion for Class Certification and *Daubert* motions re expert opinions offered in opposition to class certification | January 10, 2028 |
| The Parties to meet and confer and submit proposals for any supplemental discovery, expert discovery on merits, dispositive motions, and trial | 30 days after the Court's ruling on class certification |

**B. Alternative dispute resolution:**

The Parties believe private mediation is an appropriate method of ADR for this case; the parties are willing to discuss scheduling pending resolution of Defendant's Motion to Dismiss.

**C. Related cases:**

The Parties are unaware of any pending related cases.

**D. Discovery management:**

The Parties agree to exchange discovery electronically when possible to minimize expense. The Parties agree to accept service of discovery via email service to all counsel of record. The parties agree that all discovery exchanged will be Bates numbered by the producing Parties.

**E. Anticipated discovery sought:**

Plaintiffs intend to take discovery on the following topics: *See* Section V(b).

Defendant intends to seek discovery about at least the following topics: 1) Plaintiffs' use of and activity on Defendant's website; 2) Plaintiffs' own browser and/or mobile device settings; 3) Plaintiffs' online browsing activity; 4) Plaintiffs' express or implied consent; and/or 5) Plaintiffs' damages.

**F. Phasing of motions:**

The Parties do not anticipate phasing of motions at this time, but dispositive motions concerning one or more issues may be filed at different stages of the litigation if it appears that



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363-7500 • FAX (212) 363-7171

it will streamline or simplify the issues for trial. In addition, the Parties may file multiple motions relating to experts based on the phasing of class certification and merits expert discovery.

**G. Preservation of discoverable information:**

The Parties do not anticipate any issues regarding the preservation of discoverable information. The Parties are currently discussing issues related to the preservation of electronically stored information as part of an agreed ESI protocol.

**H. Model Protocol for discovery of ESI:**

The Parties are in the process of entering into an agreement governing the discovery of ESI, which may differ slightly from the Model ESI Protocol. Should the Parties be unable to reach an agreement by August 30, 2026, the Parties will submit competing proposals for the Court's approval.

**I. Alternatives for Model Protocol:**

As noted above, the Parties are in the process of entering into an agreement governing the discovery of ESI.

## VII. DISCOVERY COMPLETION DATE

The Parties propose May 24, 2027, as the deadline for completion of fact discovery, and September 24, 2027, as the deadline for completion of expert discovery for class certification. The Parties respectfully reserve the right to seek an extension if necessary and for good cause, and agree to meet and confer and submit proposals within thirty (30) days after the Court's ruling on class certification regarding deadlines for supplemental discovery and expert discovery on the merits.

## VIII. BIFURCATION

The Parties do not anticipate the need for bifurcation at this time, but reserve the right to request modifications if needed.

## IX. USE OF INDIVIDUALIZED TRIAL PROGRAM

The Parties do not intend to use either the Individualized Trial Program or the available



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

formal ADR option at this time. The Parties do agree, however, that mediation may be appropriate in the future.

## X. PRETRIAL STATEMENTS AND PRETRIAL ORDER

The Parties agree that the pretrial statements and a pretrial order pursuant to Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be required and not dispensed with.

## XI. LOCAL RULES 39.1 AND 39.2

The Parties do not intend to use the Individualized Trial Program as set forth in LCR 39.2 or the Alternative Dispute Resolution Program set forth in LCR 39.1 at this time. The Parties will, however, continue to evaluate whether to engage in other mediation efforts throughout the duration of this case.

## XII. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE

The Parties have no suggestions for shortening or simplifying this case.

## XIII. TRIAL DATE

The Parties propose that the Court set a trial date after the Court's ruling on Plaintiffs' motion for class certification.

## XIV. JURY TRIAL

Plaintiffs have demanded trial by jury.

## XV. LENGTH OF TRIAL

Plaintiffs believe that it is premature to determine the length of the trial prior to the determination of class certification.

## XVI. SERVICE OF COMPLAINT

As per Plaintiffs' Affidavit of Service (ECF No. 6), Defendant was served as of April 22, 2026.

## XVII. TRIAL COUNSEL COMPLICATIONS

Counsel is not aware of any periods of unavailability for trial in 2027, but reserves the right to amend this list as necessary. The Parties propose submitting trial availability after the



LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
TEL. (212) 363.7500 • FAX (212) 363-7171

Court's ruling on class certification.

**XVIII. <u>SCHEDULING CONFERENCE</u>**

The Parties do not see any need for a scheduling conference at this time.

**XIX. <u>DATES ON WHICH CORPORATE DISCLOSURES FILED</u>**

Plaintiffs are individuals and are not required to file a corporate disclosure statement. Defendant filed its corporate disclosure statement on May 21, 2026 (ECF No. 10).

**XX. <u>ADDRESSES OF COUNSEL</u>**

See below.

Dated: July 23, 2026

By: *<u>/s/ Mark S. Reich</u>*

Mark S. Reich*
mreich@zlk.com
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682.5600
Facsimile: (206) 682.2992

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class*

Dated: July 23, 2026

By: /s/ Aubrey Kramer

Steven W. Rich, WSBA #48444
srich@shb.com
**SHOOK, HARDY & BACON L.L.P.**
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066
Telephone: 206.344.7600
Facsimile: 206.344.3113

Aubrey Kramer*
akramer@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: 415.544.1900
Facsimile: 415.391.0281

*admitted *pro hac vice*

*Counsel for Defendant*