**HONORABLE JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSS WHEELER and OSCAR SKJERVEN, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYZE LABS, INC.,<br><br>Defendant. | **Case No. 2:26-cv-01319-JNW**<br><br>**DEFENDANT WYZE LABS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 9, 2026**<br><br>**ORAL ARGUMENT REQUESTED** |



SHOOK, HARDY & BACON L.L.P.
Columbia Center
701 Fifth Ave., Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

# TABLE OF CONTENTS


INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Plaintiffs Concede the Motion in Substantial Part ........ 2

II. Plaintiffs Lack Article III Standing ........ 2

III. Plaintiffs' ECPA Claim Fails ........ 5

A. Plaintiffs Fail to Sufficiently Allege Wyze is a Procurer Under the ECPA ........ 5

B. Plaintiffs Fail to Plausibly Allege an Independent Crime or Tort ........ 6

C. Plaintiffs Fail to Plausibly Allege the Interception of "Contents." ........ 7

IV. Plaintiffs Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard ........ 8

A. Plaintiffs Fail to Adequately Allege the "When" and "What" Elements ........ 9

B. Plaintiffs Fail to Plead the Requisite Scienter ........ 9

C. Plaintiffs Fail to Plead Reliance ........ 10

V. Plaintiffs Fail to State a Claim for Intrusion Upon Seclusion ........ 11

VI. Amendment Would be Futile and Should be Denied ........ 12

CONCLUSION ........ 13




SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Correia v. Lulu & Georgia, Inc.*,
2026 WL 2343093 (S.D. Cal. Aug. 12, 2026) ....................2, 3, 10

*D'Antonio v. Smith & Wesson Inc.*,
820 F. Supp. 3d 928 (N.D. Cal. 2026) ....................10, 12

*Dawidzik v. Tesla, Inc.*,
2025 WL 3786963 (C.D. Cal. Dec. 29, 2025) ....................11

*In re Facebook Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ....................5

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) ....................8

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ....................7

*Garcia v. Blackhawk Network, Inc.*,
2026 WL 925028 (C.D. Cal. Apr. 1, 2026) ....................3, 4, 11

*Gilligan v. Experian Data Corp.*,
2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026) .................... *passim*

*Limas v. Wayfair LLC*,
2026 WL 2351592 (C.D. Cal. Aug. 13, 2026)....................7, 8

*Mekhail v. North Mem'l Health Care*,
726 F. Supp. 3d 916 (D. Minn. 2024)....................5

*Nichols v. PeaceHealth Networks on Demand LLC*,
2026 WL 607763 (W.D. Wash. Mar. 4, 2026) ....................6

*Nienaber II*,, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025)....................6

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024)....................11

*Ortiz v. Foris Dax, Inc.*,
2026 WL 1430720 (N.D. Cal. May 21, 2026) ....................9



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Perez v. Romantix Online, Inc.*,
2026 WL 1802589 (N.D. Cal. June 23, 2026) ....................3, 10

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................2, 3, 4

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)....................11, 12

*Shah v. MyFitnessPal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026) ....................4

*Sifuentes v. Meta Platforms, Inc.*,
2026 WL 1143542 (N.D. Cal. Apr. 28, 2026), *reconsideration denied*, 2026 WL 1727122 (N.D. Cal. June 15, 2026) ....................2

*Smith v. Rack Room Shoes*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) ....................7

*Stiley v. Block*,
130 Wash. 3d 486, 925 P.2d 194, 204 (1996)....................8

*Sussman v. Am. Broad. Companies, Inc.*,
186 F.3d 1200 (9th Cir. 1999) ....................6

*Universal Mortg. Co. v. Prudential Ins. Co.*,
799 F.2d 458 (9th Cir. 1986) ....................2

*Vishal Shah v. Politico LLC*,
2026 WL 323269 (N.D. Cal. Feb. 6, 2026) ....................10

*Wiley v. Universal Music Grp.*,
826 F. Supp. 3d 1121 (N.D. Cal. 2025) ....................4

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....................7

**Statutes**

18 U.S.C. § 2511(2)(d) ....................4, 5

Electronic Communications Privacy Act.................... *passim*

Federal Wiretap Act....................5

**Rules**

Federal Rule of Civil Procedure 9(b)....................8, 9, 10, 12



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**Constitutional Provisions**

U.S. Const. art. III ..................................................................................................................2, 4



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## INTRODUCTION

Plaintiffs' Opposition confirms the Complaint's central defect—it says almost nothing about what either Plaintiff actually did on www.wyze.com (the "Website"). That omission is fatal. The Opposition attempts to fill the gap with generic descriptions of what the various technologies are capable of doing, devoting nearly five pages to discussions of TikTok Advanced Matching, Facebook profile-resolving cookies, Snap cross-device tracking, and other alleged capabilities of the technology. But generic allegations about the technology's capabilities are not allegations about the Plaintiffs' experiences with the Website.

Not one of these technology allegations is tied to either Plaintiff. Neither Plaintiff alleges he maintains a TikTok, Facebook, Twitter, Google, or Snapchat account. Neither alleges he provided *any information* on the Website, much less his email address or phone number. Neither Plaintiff alleges facts sufficient to plausibly show that any identifier purportedly collected from his visit was matched to a profile belonging to him. Instead, Plaintiffs ask the Court to infer that because a technology *can* perform certain functions, it must have done so here. The Complaint contains no facts supporting that inference.

The Opposition's emphasis on these technologies is particularly misplaced because the Complaint alleges only that Microsoft and Bazaarvoice continued to fire after users declined cookies. Compl. ¶¶ 49, 54, 201. Thus, five of the seven technologies Plaintiffs discuss are not even alleged to have fired after rejection of cookies. Further, as to Microsoft and Bazaarvoice, Plaintiffs still fail to identify any content, identifier, or information belonging to either Plaintiff that was transmitted. The Opposition thus reinforces, rather than cures, the Complaint's fundamental deficiency. Plaintiffs' Complaint should be dismissed in its entirety without leave to amend.

///

///

///

///



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## ARGUMENT

### I. Plaintiffs Concede the Motion in Substantial Part.

Plaintiffs concede that Washington law, *not* California law, governs their claims and request Counts II, III, VI, and VII be dismissed without prejudice.[1] Opp. at 8 n.1. The Court should deny this request and dismiss these claims ***with*** prejudice. Plaintiffs have conceded that Washington law governs these claims, and any amendment would therefore be futile. *See Sifuentes v. Meta Platforms, Inc.*, 2026 WL 1143542, at *4 (N.D. Cal. Apr. 28, 2026), *reconsideration denied*, 2026 WL 1727122 (N.D. Cal. June 15, 2026)*; Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) ("Although leave to amend 'shall be freely given when justice so requires,' it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." (citations omitted)).

### II. Plaintiffs Lack Article III Standing.

Article III standing requires that Plaintiff demonstrate a concrete injury. *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025). In the data privacy context, a plaintiff typically needs to allege the disclosure of "embarrassing, invasive, or otherwise private information" to allege an actionable injury in fact. *Id.* at 791. Under *Popa*, "the tracking of ordinary browsing data is not by itself akin to a traditionally actionable privacy harm." *Id.*; Opp. at 17. Acknowledging this roadblock, Plaintiffs invoke *Correia v. Lulu*, for the proposition that an opt-out representation changes the analysis. It does not.

*Correia v. Lulu & Georgia, Inc.* is readily distinguishable. In *Correia*, upon entering the website the plaintiff saw the cookie banner, clicked "Cookie Settings" rejected the optional tracking cookies, and continued to browse the website for rugs listings. 2026 WL 2343093, at *2 (S.D. Cal. Aug. 12, 2026). Plaintiff alleged that the technology on the website intercepted her search terms, products viewed, and items added to her cart. *Id.* The court held that defendant's

[1] Plaintiffs again list "unjust enrichment" among the claims alleged (Opp. at 8), but the Complaint pleads no such claim.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

affirmative act of informing users they could opt out was sufficient to establish Article III standing. *Id.* at *4. This reasoning does not govern here.

Plaintiffs here do *not* explicitly allege that they continued to browse the website *after* declining cookies. Plaintiff Skjerven alleges that "[i]n or about November 2025" he "visited Defendant's Website and accessed Defendant's services through the Website, specifically viewing their sales and documentation on cameras he already owns" and "[d]uring that visit [he] declined the Website's cookie banner." Compl. ¶ 13. Similarly, Plaintiff Wheeler alleges that "[i]n or about November 2025" he "visited the Website" and "did not make any purchases or enter into any service agreement with Defendant" but "[d]uring that visit [he] expressly declined the Website's cookie banner." *Id.* at ¶ 12. Failure to allege they continued to browse *after* declination of consent is insufficient to establish standing. *See Perez v. Romantix Online, Inc.*, 2026 WL 1802589, at *3 (N.D. Cal. June 23, 2026) ("Critically, Plaintiff does not allege that, after he clicked "Decline All," he visited even one more page on Romantix.com.").

Plaintiffs next argue that *Correia* is similar because the Complaint details the tracking cookies installed, tracking capabilities, and how they could create harm "including identifiers that resolve to visitors' actual social-media profiles." Opp. at 17; Compl. ¶¶ 69–70, 94–96. But this mischaracterizes Plaintiffs' actual allegations. Plaintiffs allege that *Microsoft* and *Bazaarvoice* continued to fire after Plaintiffs declined cookies. Compl. ¶ 54 ("Network logs show that even after users rejected non-essential cookies and opted out of the sale or sharing of their personal information, users' browsers continued to send HTTP requests to Tracking Entities such as Bazaarvoice."); *id.* ¶¶ 49 ("…the Bazaarvoice and Microsoft Tracking tools continued to operate."; *id.* ¶ 201. Plaintiffs do not allege that Microsoft or Bazaarvoice are social media platforms nor do they allege that they have social media profiles to connect to, nor could they as neither Microsoft nor Bazaarvoice are social media platforms such that Plaintiffs could not connect to them.

Even if the Court finds that Plaintiffs had a reasonable expectation of privacy in the data based on Wyze's cookie consent banner, Plaintiffs still lack standing. *Garcia* is instructive. In



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

*Garcia v. Blackhawk Network, Inc.*, plaintiff alleged that the website told visitors their data would not be shared if they selected the "Required only" button on the cookie consent banner. 2026 WL 925028, at *1 (C.D. Cal. Apr. 1, 2026). There plaintiff alleged that despite that representation the pixels tracked her browsing history, website interactions, and other website data. *Id.* Nonetheless, the court held that plaintiff failed to allege that the actual intrusion was "highly offensive to the reasonable person" regardless of whether plaintiff had a reasonable expectation of privacy in the data. *Id.*at *13. The court reasoned that the cookie consent banner misrepresentation goes only to the first element "whether there was an intrusion into a private place." *Id. Garcia* rejected the line of cases suggesting that misrepresentation alone is sufficient to meet the highly offensive bar, noting it found the decisions unpersuasive. *Id.*; Opp. at 16–17; *see e.g. Wiley v. Universal Music Grp.*, 826 F. Supp. 3d 1121, 1132–35 (N.D. Cal. 2025); *but see Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 914 (N.D. Cal. 2026) (reaching the same conclusion but considering also that the collected information was from a "sensitive sphere"). The Court here should do the same.

Plaintiffs' cookie banner allegations do not rise to the level of "highly offensive" and at most speak to their expectation that tracking would not occur. As in *Garcia*, that only goes to the first element and cannot carry the full weight of the standing analysis. 2026 WL 925028, at *5. Plaintiffs' access to the Website and Plaintiff Skjerven's search for information related to cameras he already purchased "do[] not explain how the tracking of [their] interactions with the [Website] caused [them] to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Popa*, 153 F.4th at 791. At bottom, Plaintiffs lack Article III standing and their claims should be dismissed.[2]

///

///

[2] Plaintiffs failed to respond to Wyze's argument that they failed to sufficiently allege a concrete injury based on an informational injury in the form of deprivation of the right to control dissemination or diminution-in-value. Mot. at 20–21.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

## III. Plaintiffs' ECPA Claim Fails.

### A. *Plaintiffs Fail to Sufficiently Allege Wyze is a Procurer Under the ECPA.*

Under the ECPA, it is not unlawful for a person to intercept electronic communications "where such person is a party to the communication," as Wyze is here. 18 U.S.C. § 2511(2)(d). In an attempt to side-step the "party defense" under 18. U.S.C. § 2511(2)(d), Plaintiffs now, for the first time, allege that Wyze is *not* an interceptor of the information it is a "procurer." Plaintiffs' procurement theory fails for two reasons.

First, Plaintiffs cannot amend their Complaint through their Opposition. Plaintiffs cite paragraphs 12, 13, and 186 of the Complaint in support of their argument that Wyze is a "procurer rather than a direct interceptor." Opp. at 18. But paragraphs 12 and 13 merely list Plaintiffs' alleged interactions with the Website and paragraph 186 cites the standard for "contents" under the federal Wiretap Act. Compl. ¶¶ 12–13, 186. Critically, Plaintiffs explicitly claim that Wyze is an interceptor as their ECPA claim states that "interception occurred whenever Plaintiffs interacted with the Website" and alleged using the tracking tools "would result in the interception and transmission of visitors' communications." Compl. ¶¶ 227, 229.

Second, Plaintiffs' own theory of procurement requires there be an unlawful interception. Where the communications were directed to Wyze, there is no unlawful interception that Wyze could have procured. 18. U.S.C. § 2511(2)(d). Plaintiffs' reliance on *In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) is misplaced. There the court held that Facebook was a third party recipient and the court's ruling addressed *Facebook's* liability as the non-party not the website operators. *Id.* at 607–08. Plaintiffs' reliance on *Mekhail v. North Mem'l Health Care*, 726 F. Supp. 3d 916 (D. Minn. 2024), to support their theory that the "party defense" only applies to interceptors is likewise misplaced. In *Mekhail*, the court held that "the Court will assume without deciding that the party exception presumptively applies to any alleged violation of ECPA, whether a party to a communication is accused of directly intercepting that communication or whether they are accused of procuring/using an interception of that communication." *Id.* at 927. Wyze was a



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

party to the communications. Accordingly, Plaintiffs must sufficiently invoke the crime-tort exception to salvage their ECPA claim.

### B. *Plaintiffs Fail to Plausibly Allege an Independent Crime or Tort.*

Plaintiffs fail to sufficiently allege that Wyze acted with a criminal or tortious purpose in deploying the technologies on the Website.

Plaintiffs do not plausibly allege that Wyze deployed the advertising technology for the *purpose* of invading their privacy, much less that such a purpose was its primary motivation. "[T]he focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (citation omitted). Here, Plaintiffs contend that "Plaintiffs' claims for intrusion upon seclusion and fraud provide a basis for the crime-tort exception." Opp. at 19. But in doing so, Plaintiffs fail to allege an act separate from the alleged interception. This is precisely the circularity *Nienaber II* rejected. In *Nienaber II*, the court held that plaintiffs failed to allege a separate act where "the alleged tortious or criminal use of the acquired communications is the disclosure itself." 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025); *Nichols v. PeaceHealth Networks on Demand LLC,* 2026 WL 607763, at *3 (W.D. Wash. Mar. 4, 2026) (dismissing ECPA claim where the complaint did not plausibly allege an independent criminal or tortious purpose). The Opposition fails to acknowledge or distinguish *Nienaber II* and *Nichols,* both cases in which this District dismissed an ECPA claim for failure to allege a separate act. Mot. at 23.[3]

Further, Wyze does not argue that a financial motive is an immediate immunization from the crime-tort exception, but that Plaintiffs' own allegations here undermine their claim by demonstrating the permissible and lawful intent behind Wyze's actions. As explained in Wyze's

[3] Plaintiffs' allegation that the third-party tracking technology vendors used the allegedly intercepted information for purposes of "their own" that are independent of the interception itself is insufficient as to Wyze. Opp. at 19.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Motion, Plaintiffs allege that Wyze's purpose in deploying the technology was "advertising, analytics, and marketing optimization" and to monetize data. Mot. at 21–23; Compl. ¶ 227. Therefore, based on Plaintiffs' own allegations the "intended use" was advertising—which is neither criminal nor tortious. *See Nienaber II*, 2025 WL 692097, at *13 (digital marketing and analytics purpose insufficient to invoke exception).[4]

### C. *Plaintiffs Fail to Plausibly Allege the Interception of "Contents."*

Even if Plaintiffs' ECPA claim was not doomed based on Wyze's party status, it would still fail because Plaintiffs do not plausibly allege that any of the "contents" of their communications were disclosed. *See* Mot. at 23–24. "[T]he term 'contents' refers to the intended message conveyed by [a] communication, and does not include record information regarding the characteristics of the message." *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Specifically, the term does not cover a "webpage address" that merely "identifies the location of a webpage a user is viewing on the internet." *Id.* at 1107.

Plaintiffs' cases do not hold otherwise. Those cases acknowledge that under *some circumstances* URLs can constitute contents. Opp. at 20–21; Mot. at 24. *Limas v. Wayfair LLC*, addressed "URLs which include[ ] the exact subpage of precise items being purchased me[e]t the definition of 'contents,' since these full-string detailed URLs could 'divulge a user's personal interests, queries, and habits[.]'" 2026 WL 2351592, at *3 (C.D. Cal. Aug. 13, 2026). *Smith v. Rack Room Shoes* addressed names, addresses, telephone numbers, and cart history. 2025 WL 1085169, at *4–5 (N.D. Cal. Apr. 4, 2025). *Gabrielli* addressed search queries, search terms and descriptive URLs. *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 871 (N.D. Cal. 2025). Each court had before it information conveyed by the plaintiff in the complaint from which it could assess disclosure.

---

[4] As discussed in Section IV, Plaintiffs' fraud claim fails and therefore cannot serve as the basis of invoking the crime-tort exception.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Here the Court has nothing to assess. Neither Plaintiff identifies a URL, a search term, a button click, form entry, or any specific product page they visited. Plaintiff Wheeler alleges no conduct on the Website at all. Compl. ¶ 12. Similarly, Plaintiff Skjerven alleges he viewed documentation for cameras he already owns which at most conveys that he is interested in information on a specific camera. It does not even convey that he *owns* that camera. These allegations are a far cry from the URLs presented in Plaintiffs' relied upon authorities.

Plaintiffs' answer is that they need not plead "what specific queries [p]laintiff himself inputted on the Website and what content was returned as a result" falls flat. *Limas*, 2026 WL 2351592, at *3; Opp. at 21. As laid out in Wyze's opening brief, it is this lack of specificity that does not allow the Court to determine whether the alleged communications were actually "contents" or "record information." Mot. at 23–25.

Finally, Plaintiffs attempt to distinguish *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922 (N.D. Cal. 2015), as an "11-year-old decision" in which plaintiffs failed to plead "just what information of theirs was intercepted by Facebook[,]"" Opp. at 21. But that describes the Complaint here precisely. Plaintiffs assert their allegations "do not suffer from the same pleading deficiencies[,]" citing Compl. ¶¶ 184–92. But these paragraphs merely describe how the tracking technologies *can* function, not what either Plaintiff communicated or allegedly had intercepted. At bottom, Plaintiffs fail to invoke the crime-tort exception to the ECPA and their claim should be dismissed as a matter of law.

**IV. Plaintiffs Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard.**

Plaintiffs concede that Washington law applies (Opp. at 8 n.1). Yet their Opposition largely ignores the Washington elements of common-law fraud established in *Stiley v. Block*, including the plaintiff's ignorance of the falsity of the representation and plaintiff's right to rely on it. 130 Wash. 3d 486, 925 P.2d 194, 204 (1996). Instead, Plaintiffs' Opposition relies on a generalized five element formulation that does not address all of the above requirements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

(or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Opp. at 21. Nonetheless, under either test Plaintiffs have failed to plausibly allege their fraud claim.

### A. *Plaintiffs Fail to Adequately Allege the "When" and "What" Elements.*

Plaintiffs contend that they adequately pleaded the "when" element by alleging "the month and year of their most recent visit to the Website."[5] Opp. at 22. But Rule 9(b) requires more. At a minimum, Plaintiffs must "provide the year *of any given visit*." *Ortiz v. Foris Dax, Inc.*, 2026 WL 1430720, at *8 (N.D. Cal. May 21, 2026) (emphasis added). For the first time in their Opposition, Plaintiffs clarify that their allegations are not limited to the single visit for which they provide a timeframe. As a result, Wyze cannot ascertain when Plaintiffs allegedly viewed the banner, purportedly searched for information on the Website, or which version of the banner and preference interface they encountered during the relevant three year period.

Plaintiffs' own allegations underscore the problem. The Complaint acknowledges that Wyze reconfigured its banner in February 2026 and that user experience varied by state. Compl. ¶¶ 57–58. As pleaded, the Complaint leaves unclear which banner text, which preferences interface, and tool configuration allegedly gave rise to Plaintiffs' claims. Without knowing when each of Plaintiff's visits occurred, the configurations at the time of the visit, and what disclosures appeared during each visit, Plaintiffs fail to meet Rule 9(b)'s heightened pleading standard.

### B. *Plaintiffs Fail to Plead the Requisite Scienter.*

Plaintiffs attack a strawman. Wyze's argument is not that it lacked a general understanding of its tracking technologies. Opp. at 22–23. Rather, Wyze argued that Plaintiffs failed to allege facts showing that Wyze knew the preference mechanism was not functioning as intended. Mot. at 26–27. Plaintiffs further assume, without factual support, that Wyze entered into contracts with

[5] Plaintiff contends that Wyze only challenges the "when" element of Plaintiffs' fraud claim. Opp. at 22. This is incorrect. Wyze explicitly challenged both the "what" and "when" elements. Mot. at 25.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

each pixel vendor and did not read any purported contracts. Opp. at 23.

Critically, because the Complaint alleges only that Microsoft and Bazaarvoice continued to fire after Plaintiffs allegedly rejected cookies, allegations concerning the TikTok Pixel, Meta Pixel, Google Ads, Google Analytics, Twitter Pixel, and Snap Pixel are *irrelevant* and insufficient to establish scienter as to the alleged misconduct actually at issue. Compl. ¶¶ 49, 54, 201.

**C. *Plaintiffs Fail to Plead Reliance.***

Plaintiffs' fraud claim fails at the threshold because they do not identify any particular representation that they saw, read, and relied upon. That deficiency is independently fatal under Rule 9(b). *Vishal Shah v. Politico LLC*, 2026 WL 323269 (N.D. Cal. Feb. 6, 2026) does not change this outcome. In *Vishal Shah*, the plaintiff alleged that "the website "immediately" presented a popup cookie consent banner." *Id.* at *8. The court found justifiable reliance when the plaintiff continued to browse on the website in reliance on the cookie banner. *Id.* Plaintiffs have not made those same allegations here.

Here, the Complaint is notably silent as to what Plaintiffs allegedly did after declining cookies. As discussed in Section II, neither Plaintiff alleges that he continued browsing or otherwise interacted with the Website after declining cookies. Compl. ¶¶ 12–13. Nor do they allege when during their visit they purportedly declined cookies. Those omissions undermine Plaintiffs' reliance argument. *See Perez*, 2026 WL 1802589, at *3 ("Critically, Plaintiff does not allege that, after he clicked "Decline All," he visited even one more page on Romantix.com."); *Correia*, 2026 WL 2343093, at *2 ("Plaintiff, then, continued to browse the website, viewing rug listings and conducting a search for "rugs.""); *D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928, 937–38 (N.D. Cal. 2026) (plaintiffs alleged that they visited defendant's website and "were immediately shown the popup cookie consent banner that represented that they could decline all cookies by clicking 'Reject All.'"). Because Plaintiffs do not allege that they took any action in response to, or in reliance on, the alleged misrepresentation after rejecting cookies, they fail to plausibly plead reliance, and their fraud claim fails.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

**V. Plaintiffs Fail to State a Claim for Intrusion Upon Seclusion.**

Plaintiffs' Opposition does not save their intrusion upon seclusion claim. As explained above, based on the extremely limited information that Plaintiffs alleged Wyze disclosed to third parties, Plaintiffs cannot allege they had any reasonable expectation of privacy, nor that Wyze subjected them to any highly offensive intrusion. Mot. at 27–29. Plaintiffs' attempt to distinguish *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072 (W.D. Wash. 2024) is unavailing. Opp. at 24. *Nienaber I*, rejected an intrusion claim where website users alleged disclosure of information through tracking technologies because the alleged disclosures did not involve the type of sensitive information necessary to establish a highly offensive intrusion. *Id.* The same is true here. Plaintiffs do not allege that Wyze disclosed financial information, medical information, credentials, communications, or other sensitive personal information. At most, they allege disclosure of information reflecting their interactions with Wyze's Website, which is insufficient to support an intrusion upon seclusion claim.

Plaintiffs' reliance on *Gilligan v. Experian Data Corp.* to support their theory that Wyze's alleged intrusion was highly offensive is misplaced. Opp. at 25. *Gilligan* involved detailed browsing profiles tied to plaintiff's email address and other personal identifiers, enabling the defendant to track "future web browsing activity across the internet." 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026). Neither Plaintiff here alleges that they provided an email address nor that any email address was transmitted to anyone. At best, the Complaint alleges that Wyze's conduct amounted to informing a third party about Plaintiffs' interactions with the Website. But courts have continued to hold that allegations of website activity shared through tracking technologies, without more, are insufficient to establish the type of intrusion necessary to support liability. *Garcia*, 2026 WL 925028 at *5 (holding plaintiff failed "to show that Defendant caused any injury Plaintiff may have suffered as a result of visitor data aggregated by those third parties."); *see Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, at *1, 4 (C.D. Cal. Dec. 29, 2025) (reaching the same conclusion about similar tracking technology).



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

Critically, Wyze does *not* misstate the holding in *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019), Plaintiffs do. Opp. at 25; Mot. at 28. In *Revitch*, the court held that a "jury could conclude that this intrusion, which allegedly allowed NaviStone to associate Revitch's browsing habits with his identity, is a highly offensive breach of norms." 2019 WL 5485330, at *3. But this holding was based on allegations that "NaviStone's code scanned Revitch's ***computer for files*** that revealed his identity and browsing habits." *Id.* (emphasis added). Here, by contrast, Plaintiffs do not allege that Wyze or *any* third party accessed their computers, scanned files on their computer, or obtained information from those scanned files to reveal their identity and browsing habits.

Finally, to the extent Plaintiffs rely on *D'Antonio's* purported "deceit plus" theory to establish offensiveness, Opp. at 26, that argument rises and falls with Plaintiffs' fraud based allegations. *See D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928 (N.D. Cal. 2026). Because Plaintiffs fail to plead any actionable misrepresentation with the particularity required under Rule 9(b), they likewise cannot rely on alleged deception to transform otherwise commonplace website tracking practices into a highly offensive intrusion. Plaintiffs fail to allege an intrusion upon seclusion and their claim should be dismissed.

## VI. Amendment Would be Futile and Should be Denied.

Leave to amend should be denied because further amendment would be futile. Plaintiffs assert that they "could provide additional details related to Wyze's procurement, deployment, and use of the tools." Opp. at 19. But the deficiencies identified in Wyze's Motion do not arise from a lack of allegations about Wyze's use of tracking technology. They arise from Plaintiffs' failure to allege facts concerning their own interactions with the Website sufficient to establish the required elements of their claims.

Such allegations would not cure those defects. As explained in Wyze's Motion and above, Plaintiffs cannot plausibly allege that Wyze disclosed personally identifiable information, intercepted communications to which it was not a party, or engaged in conduct sufficient to



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600

establish a reasonable expectation of privacy or a highly offensive intrusion. Because Plaintiffs identify no additional facts that would remedy these fundamental deficiencies, amendment would be futile and Plaintiffs' claims should be dismissed without leave to amend.

**CONCLUSION**

Wyze Labs, Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint in its entirety with prejudice.

"I certify that this memorandum contains 4,194 words, in compliance with the Local Civil Rules."

By: *_/s/ Steven Rich_*
Steven W. Rich, WSBA #48444

DATED: September 9, 2026

**SHOOK, HARDY & BACON L.L.P.**

By: *_/s/ Steven Rich_*

Steven W. Rich, WSBA #48444
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066
Telephone: 206.344.7600
Facsimile: 206.344.3113
E-mail: srich@shb.com

Tammy B. Webb, *pro hac vice forthcoming*
Aubrey Kramer, *pro hac vice*
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: 415.544.1900
Facsimile: 415.391.0281
Email: tbwebb@shb.com
Email: akramer@shb.com

Rachel Straus, *pro hac vice forthcoming*
Laurel A.M. Scott, *pro hac vice forthcoming*
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 424.285.8330
Facsimile: 424.204.9093
Email: rstraus@shb.com
Email: lascott@shb.com

***Attorneys for Defendant Wyze Labs, Inc.***

**CERTIFICATE OF SERVICE**

I certify, under penalty of perjury under the laws of the State of Washington, that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Steven Rich*
Steven Rich



SHOOK, HARDY & BACON L.L.P.
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: 206.344.7600